UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INNOTEXT, INC., a Michigan
Corporation,

       Plaintiff,

-vs-                                          Case No. 2:08-cv-11077
                                                Hon. Sean F. Cox
PETRA'LEX USA, INC., a             Magistrate Judge Steven D. Pepe
North Carolina corporation, and
PTX COMMERCIAL, INC.,
d/b/a PTX TEXTILES, INC., a
North Carolina Corporation,

       Defendants.
_____/

| DRIGGERS, SCHULTZ & HERBST, P.C. | EISENBEG & BOGAS, P.C. |
|---|---|
| Richard B. Tomlinson (P27604) | Kathleen L. Bogas (P25164) |
| Attorneys for Plaintiff | Charlotte Croson (P56589) |
| 2600 West Big Beaver Road, Ste 550 | Attorneys for Defendants |
| Troy, MI 48084 | 33 Bloomfield Hills Parkway, Ste 145 |
| 248 649-6000 | Bloomfield Hills, MI  48304 |
| | 248  258-6080 |
| | Fax:  248 258-9212 |
| | eb@ebpclaw.com |

_____/

**ANSWER TO COMPLAINT**

       NOW COME Defendants PETRA'LEX USA, INC. and PTX COMMERCIAL, INC., by and through their attorneys, EISENBERG & BOGAS, P.C., and in answer to Plaintiff's complaint state as follows:

       1.      Admit.

       2.      Plaintiff Petra'Lex USA, Inc. denies, to the best of its knowledge, that it conducts business in Oakland County and admits the remainder of the allegations.

1

3. Defendant PTX Commercial, Inc. admits that it is a North Carolina Corporation and denies the remainder of the allegations as untrue.

4. Defendants neither admit nor deny that the amount in controversy exceeds $25,000.

## COUNT I – BREACH OF CONTRACT

5. Defendants incorporate by reference their answers to ¶¶ 1-5 as set forth above as if fully restated herein.

6. Defendants neither admit nor deny.

7. Defendants admit that representatives of Petra'Lex USA, Inc. met with Plaintiff to identify possible business projects in the automotive industry; Defendants deny the remainder of the allegations as untrue.

8. Defendants admit that in 2002 Plaintiff and Petra'Lex USA, Inc. agreed that Plaintiff would explore business opportunities with Magna/Intier Automotive; Defendants deny the remainder of the allegations as untrue.

9. Denied as untrue.

10. Denied as untrue.

11. Defendants admit that Jim Meek was hired by Defendant Petra'Lex USA, Inc. in January, 2004 as General Manager of automotive products and that his responsibilities include sales. Defendants deny the remainder of the allegations as untrue.

12. Defendants neither admit nor deny that Plaintiff had discussions with Johnson Controls Inc. or other automotive suppliers. Defendants deny that Plaintiff had discussions with Johnson Controls Inc. or other automotive suppliers regarding selling products for Defendants Petra'Lex USA, Inc., and/or PTX Commercial, Inc.

13. Denied as untrue.

14. Denied as untrue.

15. Denied as untrue.

16. Defendants admit that Johnson Controls Inc. issued purchase orders for the Undercover Program. Defendants admit that one other supplier issued purchase orders for a program developed by Plaintiff and further answers that Plaintiff was timely paid all commissions due an owing on those purchase orders. Defendants deny the remainder of the allegations as untrue.

17. Defendants admit that Petra'Lex USA, Inc. made sales to Johnson Controls Inc. on the Undercover Program. Defendants deny the remainder of the allegations as untrue.

18. Defendants admit that a representative of Petra'Lex USA, Inc. met with Plaintiff on or about September 14, 2007 and informed Plaintiff that no commissions were owed to Plaintiff on the Undercover Program. Defendants deny the remainder of the allegations as untrue.

19. Denied as untrue.

20. Denied as untrue.

21. Denied as untrue.

WHEREFORE, Defendants request that the Complaint be dismissed in its entirety, with prejudice, that Defendants be awarded their costs and attorneys' fees incurred in defending this complaint, as well as any additional relief that the Court deems appropriate.

## COUNT III – VIOLATION OF MCLA § 600.2961

22. Defendants incorporate by reference their answers to ¶¶ 1-21 as set forth above as if fully restated herein.

23. Defendant PTX Commercial, Inc. denies that it is a principal as defined by the Michigan Sales Representatives Act. Defendants neither admit nor deny that Petra'Lex USA, Inc. is a principal or that Plaintiff is a sales representative as defined by the Act.

24. Denied as untrue.

25. Denied as untrue.

26. Denied as untrue.

WHEREFORE, Defendants request that the Complaint be dismissed in its entirety, with prejudice, that Defendants be awarded their costs and attorneys' fees incurred in defending this complaint, as well as any additional relief that the Court deems appropriate.

## COUNT III – BREACH OF IMPLIED CONTRACT

27. Defendants incorporate by reference their answers to ¶¶ 1-26 as set forth above as if fully restated herein.

28. Denied as untrue.

29. Denied as untrue.

30. Denied as untrue.

31. Denied as untrue.

32. Denied as untrue.

WHEREFORE, Defendants request that the Complaint be dismissed in its entirety, with prejudice, that Defendants be awarded their costs and attorneys' fees incurred in defending this complaint, as well as any additional relief that the Court deems appropriate.

### COUNT IV – UNJUST ENRICHMENT/PROCURING CAUSE

33. Defendants incorporate by reference their answers to ¶¶ 1-32 as set forth above as if fully restated herein.

34. Defendant Petra'Lex USA, Inc. admits that in engaged Plaintiff to identify possible business projects within the automotive industry. The remainder of the allegations are denied as untrue.

35. Denied as untrue.

36. Denied as untrue.

37. Denied as untrue.

38. Denied as untrue.

39. Denied as untrue.

40. Denied as untrue.

41. Any allegation in the Complaint that has not been expressly admitted above is denied because it is untrue.

WHEREFORE, Defendants request that the Complaint be dismissed in its entirety, with prejudice, that Defendants be awarded their costs and attorneys' fees incurred in defending this complaint, as well as any additional relief that the Court deems appropriate.

### RELIEF

As a matter of law and fact, Plaintiff is not entitled to any of the relief sought in its Complaint.

### JURY DEMAND

Defendants demand a trial by jury of the issues in the above-captioned cause of action.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

Defendants reserve the right to rely upon some or all of the following defenses in this matter to the extent justified by the facts developed through discovery or other investigation.

1. Defendants incorporate by reference all factual allegations admitted or affirmatively made in their Answer to the Complaint.

2. No commissions are due pursuant to MCLA 600.2961.

3. Defendants have not intentionally failed and/or refused to pay commissions within the time periods prescribed by the Michigan Sales Representatives Commission Act, MCLA 600.2961.

4. Plaintiff's claims are barred in whole or in part by its failure to procure sales and/or or customers.

5. Plaintiff's claims are barred in whole or in part because there is no enforceable contract between Plaintiff and Defendants.

6. Plaintiff's claims are barred in whole or in part because there is no enforceable implied contract between Plaintiff and Defendants.

7. Plaintiff's claims are barred for lack of a clear and unequivocal promise by Defendants.

8. Plaintiff's claims are barred for lack of detrimental reliance by Plaintiff.

9. Plaintiff's claims are raised in bad faith, are based upon its own misconduct and are without legitimate factual basis.

10. Plaintiff's claims are barred in whole or in part for failure to mitigate damages, entitlement to which is expressly denied.

11. Plaintiff's claims are barred in whole or in part for the reasons that Defendants' actions were based solely upon legitimate business reasons.

12. Plaintiff's claims are barred in whole or in part by the Plaintiff's own acts of omission and/or commission.

13. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted as a matter of fact and/or law.

14. Defendant denies that it breached any duties or contracts; and further denies that it was negligent in any manner.

15. The fault of other responsible persons or entities, including, but not limited to, Plaintiff and/or non-parties will act to bar this claim in whole or in part.

16. Plaintiff's comparative negligence may act to bar this claim in whole or in part.

17. Plaintiff's claims may be barred by the applicable doctrines of release, waiver, estoppel, accord and satisfaction, and/or laches.

18. Plaintiff's claims are barred by the statute of frauds.

19. Plaintiff's claims are barred by the parol evidence rule.

20. Plaintiff's claims, in whole or in part, are barred by the applicable statutes of limitation and/or jurisdictional prerequisites.

21. Plaintiff's claims are barred in whole or in part by want or failure of consideration.

22. Plaintiff's claims are barred in whole or in part by Plaintiff's assumption of the risk of the harm, injuries, or damage that Plaintiff may have incurred.

23. Plaintiff's claims are frivolous, without merit, and without foundation in law or fact. Defendants are entitled to their attorneys' fees and costs incurred in defending Plaintiff's

7

Complaint. Plaintiff is hereby put on notice of the Defendants' intent to seek all available remedies and sanctions pursuant to court rule and statute.

    24.    Defendant reserves the right to add additional affirmative defenses which become known to it during the course of discovery in this matter.

                            EISENBERG & BOGAS, P.C.

                        By:    /s/KATHLEEN L. BOGAS__
                                  EISENBEG & BOGAS, P.C.
                                  Kathleen L. Bogas (P25164)
                                  Charlotte Croson (P56589)
                                  Attorneys for Defendants
                                  33 Bloomfield Hills Parkway, Ste 145
                                  Bloomfield Hills, MI  48304
                                  248  258-6080
                                  Fax:  248 258-9212
                                  eb@ebpclaw.com

Date:   March 13, 2008

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INNOTEXT, INC.,

    Plaintiff,

-vs-

PETRA'LEX USA, INC., a
North Carolina corporation, and
PTX COMMERCIAL, INC.,
d/b/a PTX TEXTILES, INC., a
North Carolina corporation,

    Defendants.
_____/

Case No. 2:08-cv-11077
Hon. Sean F. Cox
Magistrate Judge Steven D. Pepe

DRIGGERS, SCHULTZ & HERBST, P.C.
Richard B. Tomlinson (P27604)
Attorneys for Plaintiff
2600 West Big Beaver Road, Suite 550
Troy, MI  48084
(248) 649-6000

EISENBERG & BOGAS, P.C.
Kathleen L. Bogas  (P25164)
Charlotte Croson (P56589)
Attorneys for Defendants
33 Bloomfield Hills Parkway, Suite 145
Bloomfield Hills, MI  48304
(248) 258-6080
_____/

## **CERTIFICATE OF SERVICE**

STATE OF MICHIGAN    )
                          ) SS
COUNTY OF OAKLAND    )

    KATHLEEN L. BOGAS, hereby certify that on March 13, 2008 I electronically filed the foregoing paper with the Clerk of the Court using the ECF System and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participates:

Richard B. Tomlinson
Driggers, Schultz & Herbst, P.C.
2600 West Big Beaver Road, Suite 550
Troy, MI  48084

9

                    <u>/s/ KATHLEEN L. BOGAS</u>
                    KATHLEEN L. BOGAS (P25164)
Eisenberg & Bogas, P.C.
Attorneys for Defendants
33 Bloomfield Hills Parkway, Suite 145
Bloomfield Hills, MI  48304
Phone: (248) 258-6080
E-mail: eb@ebpclaw.com