UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INNOTEXT, INC.,
A Michigan corporation,

    Plaintiff,

vs.

Case No. 2:08-cv-11077
Hon. Sean F. Cox
Magistrate Judge Steven D. Pepe

PETRA'LEX USA, INC., d/b/a
PTX Textiles, Inc., a North Carolina corporation,
and PTX COMMERCIAL, INC.,
d/b/a PTX TEXTILES, INC., a
North Carolina corporation,

    Defendants.
_____/

| DRIGGERS, SCHULTZ & HERBST, P.C. | LAW OFFICES OF |
|---|---|
| Richard B. Tomlinson (P27604) |   KATHLEEN L. BOGAS, P.C. |
| Attorneys for Plaintiff | Kathleen L. Bogas (P25164) |
| 2600 West Big Beaver Road, Suite 550 | Charlotte Croson (P56589) |
| Troy, MI 48084 | Attorneys for Defendants |
| 248.649.6000 | 31700 Telegraph Road, Suite 160 |
|  | Bingham Farms, MI 48025 |
|  | 248.502.5000 |

_____/

**PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT**

    Plaintiff, INNOTEXT, INC. ("Innotext") by its attorneys, Driggers, Schultz & Herbst, P.C., for its Motion to file an Amended Complaint pursuant to Fed.R.Civ.P. 15, states as follows:

    1.    On January 2, 2008, Plaintiff filed its Complaint against Defendants Petra'Lex USA, Inc. and PTX Commercial, Inc. seeking to collect commissions earned as a sales representative.

    2.    Defendants filed a Notice of Removal on March 12, 2008 and filed their Answer on March 13, 2008.

3. In the Answer (Paragraph 17 of the Answer), Defendants admitted that the Defendants had made sales to Johnson Controls, Inc. which were the subject of Plaintiff's claim for commissions.

4. Subsequently, counsel for the Defendants advised Plaintiff's counsel that the sales were made or may have been made by an affiliated company of the Defendants.

5. On or about June 26, 2008, Plaintiff's counsel received documents pursuant to a subpoena issued to Johnson Controls, Inc. which indicate that the sales were made to Johnson Controls by PTX Textiles, which is either an assumed name of Defendants or an affiliated company of the Defendants operating out of Defendants' offices in North Carolina that was identified to the Plaintiff during the course of Plaintiff's representation of the Defendants.

6. Plaintiff seeks to file the attached Amended Complaint to clarify the relationships between the parties.

7. Fed.R.Civ.P. 15(a)(2) provides that:

> "a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires."

WHEREFORE, Plaintiff requests this Court to grant Plaintiff's Motion to File the Amended Complaint attached hereto.

Respectfully submitted,

DRIGGERS, SCHULTZ & HERBST, P.C.

By: s/Richard B. Tomlinson
Richard B. Tomlinson (P26704)
Attorneys for Plaintiff
2600 W. Big Beaver Rd., Suite 550
Troy, MI 48084
248.649.6000

Dated: July 2, 2008

DRIGGERS, SCHULTZ & HERBST
2600 WEST BIG BEAVER ROAD
SUITE 550
TROY, MICHIGAN 48084

I hereby certify that on July 2, 2008, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system, which will send notification of such filing to the following ECF participants: Kathleen L. Bogas and Charlotte Croson.

                        Richard B. Tomlinson
                        2600 W. Big Beaver Rd., #550
                        Troy, Michigan 48084
                        Phone: (248) 649-6000
                        E-mail:
                        cmacpherson@driggersschultz.com
                        P27604

DRIGGERS, SCHULTZ & HERBST
2600 WEST BIG BEAVER ROAD
SUITE 550
TROY, MICHIGAN 48084

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INNOTEXT, INC.,
A Michigan corporation,

    Plaintiff,

vs.

PETRA'LEX USA, INC., d/b/a
PTX Textiles, Inc., a North Carolina corporation,
and PTX COMMERCIAL, INC.,
d/b/a PTX TEXTILES, INC., a
North Carolina corporation,

    Defendants.

Case No. 2:08-cv-11077
Hon. Sean F. Cox
Magistrate Judge Steven D. Pepe

/

DRIGGERS, SCHULTZ & HERBST, P.C.
Richard B. Tomlinson (P27604)
Attorneys for Plaintiff
2600 West Big Beaver Road, Suite 550
Troy, MI 48084
248.649.6000

LAW OFFICES OF
  KATHLEEN L. BOGAS, P.C.
Kathleen L. Bogas (P25164)
Charlotte Croson (P56589)
Attorneys for Defendants
31700 Telegraph Road, Suite 160
Bingham Farms, MI 48025
248.502.5000

/

**BRIEF IN SUPPORT OF**
**PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT**

DRIGGERS, SCHULTZ & HERBST
2600 WEST BIG BEAVER ROAD
SUITE 550
TROY, MICHIGAN 48084

## TABLE OF CONTENTS

I.   STATEMENT OF FACTS……………………………………………………………….1

II.  ARGUMENT…………………………………………………………………………..2

III. CONCLUSION…………………………………………………………………….…..2

DRIGGERS, SCHULTZ & HERBST
2600 WEST BIG BEAVER ROAD
SUITE 550
TROY, MICHIGAN 48084

## TABLE OF AUTHORITIES

**Cases**

*Duggins v. Steak'N Shake, Inc.,* 195 F.3d 828 (6th Cir., 1999).....................................2

*Granus v. North American Philips Lighting Corp.,* 821 F.2d 1253 (6th Cir., 1987)...................1

*Phelps v. McClellan,* 30 F.3d 658 (6th Cir., 1994).......................................................2

**Rules**

Fed. R. Civ. P. 15(a)(2)..........................................................................................1

DRIGGERS, SCHULTZ & HERBST
2600 WEST BIG BEAVER ROAD
SUITE 550
TROY, MICHIGAN 48084

I. **STATEMENT OF FACTS**

On January 2, 2008, Plaintiff filed its Complaint against Defendants Petra'Lex USA, Inc. and PTX Commercial, Inc. seeking to collect commissions earned as a sales representative.

Defendants filed a Notice of Removal on March 12, 2008 and filed an Answer on March 13, 2008. In Paragraph 17 of the Answer, Defendants admitted that Defendants had made sales to Johnson Controls, Inc. Those sales were the subject of Plaintiff's claim for commissions. Subsequently, counsel for the Defendants advised Plaintiff's counsel that the sales to Johnson Controls were made or may have been made by an affiliate company of the Defendants.

On or about June 26, 2008, Plaintiff's counsel received documents pursuant to a subpoena issued to Johnson Controls, Inc. which indicate that the sales were made to Johnson Controls by PTX Textiles, which is either an assumed name of the Defendants or an affiliated company of the Defendants, operating out of Defendants' North Carolina offices. Plaintiff seeks to file the attached Amended Complaint (Exhibit 1) to clarify the relationships between the parties and Plaintiff's entitlement to commissions.

II. **ARGUMENT**

Fed. R. Civ. P. 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The Rule provides a liberal policy toward allowing amendments to correct errors, furthering one of the objectives of the Rules, the determination of cases on their merits. *Granus v. North American Philips Lighting Corp.*, 821 F.2d 1253, 1256 (6th Cir., 1987) ("Rule 15 reinforces the principle that cases should be tried on their merits rather than on the technicalities of pleadings.")

DRIGGERS, SCHULTZ & HERBST
2600 WEST BIG BEAVER ROAD
SUITE 550
TROY, MICHIGAN 48084

Whether to grant leave to amend is within the Court's discretion. *Id.* However, the Sixth Circuit has held that "[t]o deny a motion to amend, a court must fine 'at least some significant showing of prejudice to the opponent.'" *Duggins v. Steak'N Shake, Inc.,* 195 F.3rd 828, 834 (6th Cir., 1999), quoting *Moore v. City of Paducah,* 790 F.2d 557, 562 (6th Cir., 1986). In *Phelps v. McClellan,* 30 F.3d 658, 662 (6th Cir., 1994), the Sixth Circuit held that "[l]eave to amend may be denied when it would result in undue delay, prejudice to the opposing party, or repeated failure to cure deficiencies in the complaint."

The *Phelps* court defined prejudice as:

> "Whether the assertion of the new claim or defense would require the opponent to expend sufficient additional resources to conduct discovery and prepare for trial; significant delay of the resolution of the dispute; or prevent the plaintiff from bringing timely action in another jurisdiction."

*Id.* at 662-663.

The amendment of Plaintiff's Complaint would not create any of these problems. Discovery has just begun and litigation is in its initial stages. The Amended Complaint would neither require additional resources be expended nor would it delay the resolution of this dispute.

## III. CONCLUSION

For the reasons set forth, Plaintiff seeks leave from the Court to file the Amended Complaint in this action.

Respectfully submitted,

DRIGGERS, SCHULTZ & HERBST, P.C.

By: __s/Richard B. Tomlinson__
Richard B. Tomlinson (P26704)
Attorneys for Plaintiff
2600 W. Big Beaver Rd., Suite 550
Troy, MI 48084
248.649.6000

Dated: July 2, 2008

2

DRIGGERS, SCHULTZ & HERBST
2600 WEST BIG BEAVER ROAD
SUITE 550
TROY, MICHIGAN 48084

# EXHIBIT 1

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INNOTEXT, INC.,
A Michigan corporation,

    Plaintiff,

vs.

PETRA'LEX USA, INC., d/b/a
PTX Textiles, Inc., a North Carolina corporation,
and PTX COMMERCIAL, INC.,
d/b/a PTX TEXTILES, INC., a
North Carolina corporation,

    Defendants.

Case No. 2:08-cv-11077
Hon. Sean F. Cox
Magistrate Judge Steven D. Pepe

_____/

| DRIGGERS, SCHULTZ & HERBST, P.C. | LAW OFFICES OF |
|---|---|
| Richard B. Tomlinson (P27604) | KATHLEEN L. BOGAS, P.C. |
| Attorneys for Plaintiff | Kathleen L. Bogas (P25164) |
| 2600 West Big Beaver Road, Suite 550 | Charlotte Croson (P56589) |
| Troy, MI 48084 | Attorneys for Defendants |
| 248.649.6000 | 31700 Telegraph Road, Suite 160 |
| | Bingham Farms, MI 48025 |
| | 248.502.5000 |

_____/

> There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court nor has any such action been previously filed and dismissed.

## AMENDED COMPLAINT

    Plaintiff, INNOTEXT, INC. ("Innotext") by its attorneys, Driggers, Schultz & Herbst, P.C., for its Amended Complaint against Defendants, states as follows:

    1.    Innotext is a Michigan corporation with its principal place of business in Oakland County, Michigan.

    2.    Defendant Petra'lex USA, Inc. ("Petralex") is a North Carolina corporation which conducts business in Oakland County, Michigan.

DRIGGERS, SCHULTZ & HERBST
2600 WEST BIG BEAVER ROAD
SUITE 550
TROY, MICHIGAN 48084

3. PTX Commercial, Inc., d/b/a PTX Textiles, Inc. ("PTX"), is a North Carolina corporation which conducts business in Oakland County, Michigan.

4. Petralex and PTX sometimes conduct business under the name PTX Textiles, Inc.

5. The amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

6. The Court has diversity jurisdiction pursuant to 28 USC §1332(a) because the amount in controversy exceeds Seventy Five Thousand and no/100's Dollars ($75,000.00) exclusive of interest and costs and this action is between citizens of different states.

## COUNT I

## BREACH OF CONTRACT

7. Plaintiff incorporates and realleges Paragraphs 1 through 6 as though fully set forth herein.

8. Innotext has functioned as a manufacturer's representative to the automotive industry for the last 20 years.

9. On or about June 4, 2002, Innotext met with representatives of Petralex and PTX to discuss developing sales opportunities for Petralex, PTX and their affiliated companies in the automotive industry.

10. On June 4, 2002, Innotext and Defendants entered into an agreement under which Innotext agreed to act as sales representative for the Defendants and their affiliated companies with respect to discovering and developing sales opportunities for the Defendants and their affiliates in the automotive industry.

11. Innotext and Defendants agreed that Defendants would pay a 3% commission on all sales made by Defendants or their affiliated companies to any customer in the automotive industry relating to any sales opportunity brought to Defendants by Innotext, Inc. for the life of

DRIGGERS, SCHULTZ & HERBST
2600 WEST BIG BEAVER ROAD
SUITE 550
TROY, MICHIGAN 48084

the program and further agreed that life of the program commissions would be paid to Innotext even if Innotext was terminated as the sales representative.

12. Based on the agreement, Innotext devoted substantial time and effort marketing Defendants and their affiliated companies to various suppliers in the automotive industry and discovering and developing sales opportunities for Defendants and their affiliated companies.

13. In 2004, Defendants advised Innotext that the Defendants had hired Jim Meek as the marketing manager of textiles. Defendants agreed that Meek would have responsibility for body cloth and automotive headliner sales in China and that Innotext would continue to have responsibility for all other automotive accounts.

14. During 2005, Innotext had numerous discussions with contacts at Johnson Controls, Inc. and other automotive suppliers trying to develop sales opportunities for Defendants and their affiliated companies

15. As a result of Innotext's discussions with Johnson Controls, Inc., Innotext discovered and developed a number of sales opportunities at Johnson Controls on behalf of Defendants and their affiliated companies including the Needled Non-Woven Fabric Program (NNWF Program), the Seat Grid Fabric Program and the Undercover/Backing Material Program (Undercover Program) used in molded foam seats.

16. As a result of Innotext's efforts, Johnson Controls and other automotive suppliers forwarded requests for quotations on the Undercover Program and the NNWF Program to Innotext, and requested Defendants and their affiliated companies to submit quotations on the programs.

17. Innotext forwarded the requests for quotes to Defendants and provided other necessary information for Defendants and their affiliated companies to develop their quotes on the programs.

DRIGGERS, SCHULTZ & HERBST
2600 WEST BIG BEAVER ROAD
SUITE 550
TROY, MICHIGAN 48084

3

18. Johnson Controls issued purchase orders to Defendants and/or their affiliated companies for the Undercover Program and the NNWF Program. Other automotive suppliers also issued purchase orders to Defendants or their affiliated companies for programs discovered and developed by Innotext.

19. Defendants and/or their affiliated companies began making sales to Johnson Controls on the Undercover Program but Defendants failed to make commission payments to Innotext and failed to account for those sales to Innotext.

20. On September 14, 2007, Innotext met with a representative from Defendants who advised Innotext that Defendants would not pay commissions on sales made by Defendants and/or their affiliated companies to Johnson Controls related to the Undercover Program in repudiation of the agreement between the parties.

21. Pursuant to a letter dated November 1, 2007, Defendants terminated Innotext as its sales representative and subsequently advised Innotext that it had no intention of paying commissions to Innotext with respect to any of the automotive programs that had been discovered and developed by Innotext.

22. Defendants have breached and repudiated the contract between the Defendants and Innotext by failing to pay Innotext its commissions and have repudiated the agreement by indicating that they would not pay continuing commissions to Innotext for the life of the program.

23. As a proximate result of Defendants' breach of the agreement between the parties, Innotext has suffered and will continue to suffer damages including lost commissions, both currently and for the life of the programs.

DRIGGERS, SCHULTZ & HERBST
2600 WEST BIG BEAVER ROAD
SUITE 550
TROY, MICHIGAN 48084

WHEREFORE, Innotext respectfully requests this Honorable Court enter its judgment in favor of Innotext and against Defendants jointly and severally in an amount in excess of $75,000 to which Innotext is found to be entitled, together with costs, interest and attorneys fees so wrongfully incurred.

## COUNT II
## VIOLATION OF MCLA §600.2961

24. Plaintiff incorporates and realleges Paragraphs 1 through 23 as though fully set forth herein.

25. At all times relevant hereto, Defendants were principals and Innotext was a sales representative as defined by the Michigan Sales Representative Act, MCLA §600.2961 ("the Act").

26. Under the Act, Defendants had a duty to pay Innotext all commissions due to Innotext within 45 days of the termination of the agreement, and for commissions which become due after the termination within 45 days after the commissions become due pursuant to MCLA §600.2961(4).

27. Defendants have breached their duties to Innotext by intentionally refusing to pay Innotext's commissions and by indicating Defendants will not pay future commissions for the life of the programs.

28. Due to Defendants' intentional disregard of their duties in breach of their contractual obligations, pursuant to MCLA §600.2961(5), Defendants, jointly and severally, are liable to Innotext for the following:

    a. Actual damages caused by Defendants' failure to pay commissions when due, including future commissions for the life of the program;

    b. A penalty in an amount equal to two times the unpaid commissions to a maximum of $100,000; and

    c. Reasonable attorneys fees and costs.

5

WHEREFORE, Innotext respectfully requests this Honorable Court enter its judgment in favor of Innotext and against Defendants jointly and severally in an amount in excess of $75,000 to which Innotext is found to be entitled, together with costs, interest and attorneys fees so wrongfully incurred.

## COUNT III

## BREACH OF IMPLIED CONTRACT

29. Plaintiff incorporates and realleges Paragraphs 1 through 28 as though fully set forth herein.

30. Defendants engaged Innotext to act as their sales representative to the automotive industry and to receive a 3% commission on sales made by Defendants and/or their affiliated companies to any customer in the automotive industry relating to any sales opportunity brought to Defendants by Innotext for the life of the program pursuant to an implied contract, even if Innotext was terminated as sales representative.

31. On November 1, 2007, Defendants terminated Innotext as their sales representative and failed and have refused to pay commissions, both current and future.

32. In terminating the implied contract, Defendants advised Innotext that they had no intention of paying Innotext its commissions for the life of the program and have repudiated the implied contract by indicating they would not pay continuing commissions for the life of the programs.

33. Defendants have breached the implied contract between the parties by failing to pay Innotext its continuing commissions.

34. As a proximate result of Defendants' breach of the implied contract, Innotext has suffered and will continue to suffer damages including lost commissions for the life of the programs.

DRIGGERS, SCHULTZ & HERBST
2600 WEST BIG BEAVER ROAD
SUITE 550
TROY, MICHIGAN 48084

6

WHEREFORE, Innotext respectfully requests this Honorable Court enter its judgment in favor of Innotext and against Defendants jointly and severally in an amount in excess of $75,000 to which Innotext is found to be entitled, together with costs, interest and attorneys fees so wrongfully incurred.

## COUNT IV

### UNJUST ENRICHMENT/PROCURING CAUSE

35. Plaintiff incorporates and realleges Paragraphs 1 through 34 as though fully set forth herein.

36. Defendants engaged Innotext to act as their sales representative for the sale of parts to Defendants and their affiliated companies to the automotive industry.

37. Defendants and their affiliated companies received the benefit of Innotext's services as sales representative.

38. During the term of the agency relationship between the parties, Innotext expended substantial time and effort to discover and develop sales opportunities for the Defendants and their affiliated companies' products and to establish Defendants' business relationship with prospective customers in the automotive industry.

39. As a result of Innotext's efforts, Defendants and/or their affiliated companies have earned substantial revenues on sales and orders pursuant to sales opportunities developed by Innotext and which would not have been obtained but for Innotext's efforts.

40. After Defendants had terminated Innotext's services, Defendants and/or their affiliated companies have continued and will continue to reap the benefit of Innotext's services, realizing continuing revenues on the orders which were procured as a result of Innotext's efforts and for which Innotext was the procuring cause.

DRIGGERS, SCHULTZ & HERBST
2600 WEST BIG BEAVER ROAD
SUITE 550
TROY, MICHIGAN 48084

7

41. The fair value of the services performed by Innotext on behalf of Defendants and/or their affiliated companies is equal to 3% of the sales revenue of the program, based on quotations or orders procured by Innotext for the life of the programs.

42. Defendants will be unjustly enriched if they are allowed the continuing benefit of Innotext's services without paying commissions as reasonable compensation for said services.

WHEREFORE, Innotext respectfully requests this Honorable Court enter its judgment in favor of Innotext and against Defendants jointly and severally in an amount in excess of $75,000 to which Innotext is found to be entitled, together with costs, interest and attorneys fees so wrongfully incurred.

Respectfully submitted,

DRIGGERS, SCHULTZ & HERBST, P.C.

By:   s/Richard B. Tomlinson
     Richard B. Tomlinson (P26704)
     Attorneys for Plaintiff
2600 W. Big Beaver Rd., Suite 550
Troy, MI 48084
248.649.6000

Dated: July 1, 2008

### PLAINTIFF'S RELIANCE ON JURY DEMAND

Plaintiff relies on the Jury Demand previously filed in this action.

Respectfully submitted,

DRIGGERS, SCHULTZ & HERBST, P.C.

By:   s/Richard B. Tomlinson
     Richard B. Tomlinson (P26704)
     Attorneys for Plaintiff
2600 W. Big Beaver Rd., Suite 550
Troy, MI 48084
248.649.6000

Dated: July 1, 2008

DRIGGERS, SCHULTZ & HERBST
2600 WEST BIG BEAVER ROAD
SUITE 550
TROY, MICHIGAN 48084