UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Innotext, Inc.,

      Plaintiff,

v.                                 Case No. 08-11077

Petra Lex USA, Inc., *et al.*,         Honorable Sean F. Cox

      Defendants.
_____/

## OPINION & ORDER
## DENYING DEFENDANT'S MOTION IN LIMINE

In this action, Plaintiff asserts that it is owed sales commissions from Defendants. This matter is currently before the Court on Defendant Petra Lex USA, Inc.'s Motion in Limine (Docket Entry No. 58). The Court finds that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. For the reasons set forth below, the Court shall DENY Defendant's Motion in Limine seeking pretrial evidentiary rulings and shall deal with questions of admissibility of evidence as they arise at trial.

BACKGROUND

Plaintiff's Amended Complaint asserts the following four counts: "Breach of Contract" (Count I); Violation of MCLA § 600.2961" (Count II); "Breach of Implied Contract" (Count III); and "Unjust Enrichment/Procuring Cause" (Count IV).

After the close of discovery, each of the two named Defendants filed Motions for Summary Judgment. In response to Defendant PTX Commercial, Inc. ("PTX")'s motion,

Plaintiff agreed that PTX should be dismissed from this action. Thus, the Court only considered the merits of Defendant Petra Lex USA, Inc. ("Petra")'s Motion for Summary Judgment.

As to its claims against Petra, "Plaintiff seeks to recover commissions that it claims to have earned relating to three products, lines or programs that it claims were developed for, and sold to, Johnson Controls, Inc. ("JCI"): 1) a seat cushion assembly referred to as 'Undercovers;' 2) a fabric referred to as 'grid mesh;' and 3) a fabric referred to as 'Duon' or NPNW. (*See* Pl.'s Interrogatory Answers, attached as Ex. 4 to Def.'s Motion, at 9)." (10/14/09 Opinion & Order at 17). In its Motion for Summary Judgment, Petra sought summary judgment on several grounds. Petra also asked "this Court to rule that Plaintiff cannot establish damages on either Duon/NPNW or grid mesh, two of the three products/programs." (*Id.*).

As to Duon/NPNW, Petra asserted that Plaintiff is owed no commissions because no sales of Duon were made. In response, Plaintiff asserted that "testimony of Sadosky and Meek establish that Defendant has been making revenue producing sales of NPNW to Johnson Controls, although the NPNW product that was previously named Duon was renamed 'Trem.'" (*Id.* at 18). After evaluating the evidence presented by the parties, this Court concluded "that, construing the evidence presented in the light most favorable to Plaintiff, there is a genuine issue of material fact as to whether Plaintiff is owed any commissions relating to sales of Trem." (*Id.*).

As to grid mesh, Petra asked this Court to rule that Plaintiff could not recover any commissions on that product. Petra asserted that: 1) Plaintiff only made a sample order of grid mesh; 2) commissions are not paid on sample orders; and 3) even if commissions were paid on sample orders, that would entitle Plaintiff to, at most, a commission of $120.00. After considering the evidence presented by the parties, this Court ruled that "Plaintiff's potential

damages, with respect to grid mesh, are limited to $120.00." (10/14/09 Opinion & Order at 19).

Neither party filed a motion for reconsideration following this Court's October 14, 2009 Opinion & Order and neither party sought leave to file an additional dispositive motion after the April 9, 2009 motion deadline. (Docket Entry No. 33).

The Joint Final Pretrial Order submitted by the parties was signed by this Court on December 15, 2009. (Docket Entry No. 53).

Plaintiff's portions of the Joint Final Pretrial Order indicate that Plaintiff is seeking to recover commissions on "the Under Cover Program, the Grid Mesh Program and the Duon Replacement Program." (*See* Docket Entry No. 53 at 4).

Petra's portion of the Joint Final Pretrial Order identifies the following among issues of fact to be litigated at trial:

Damages:

1) Did Plaintiff make any sales of NPNW?
2) If Plaintiff made sales of NPNW, is Plaintiff entitled to commissions on those sales?
3) Did Plaintiff make any sales of Trem?
4) Is [sic] Plaintiff made sales of Trem, is Plaintiff entitled to commissions on those sales?
5) Did Plaintiff make any sales of Undercovers?
6) If Plaintiff made sales of Undercovers, is Plaintiff entitled to commissions on those sales?
7) If Plaintiff entitled to commissions on sample orders of Grid Mesh?

(Docket Entry No. 53 at 17).

In the Joint Final Pretrial Order, the parties also stated that they "do not anticipate any evidence problems at trial." (*Id*. at 19). On May 21, 2010, however, Petra filed the instant "Motion in Limine to Exclude Irrelevant Evidence at Trial." (Docket Entry No. 58).

ANALYSIS

Motions in limine are meant to deal with discrete evidentiary issues related to trial and are not substitutes for dispositive motions. *Dunn v. State Farm Mut. Auto. Ins. Co.*, 264 F.R.D. 266, 274 (E.D. Mich. 2009); *Goldman v. Healthcare Management Sys., Inc.*, 559 F.Supp.2d 853, 871 (W.D. Mich. 2008). "Generally, motions in limine address specific evidentiary issues of a prejudicial nature." *Id.*

"Orders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they arise." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).

Here, Petra's "Motion in Limine" asks this Court to: 1) exclude all evidence relating to Undercover programs, other than the Toyota 1044ts and 180L programs in the June 2005 RFQ; and 2) exclude all evidence regarding Trem.

These are not discrete evidentiary issues of a prejudicial nature. Rather, Petra is seeking to argue the merits of its case and obtain pretrial rulings excluding broad categories of evidence. The requested rulings would preclude Plaintiff from recovering any commissions associated with Trem and would restrict Plaintiff's potential recovery of Undercover commissions. The Court concludes that Petra's motion is, in substance, an untimely motion for summary judgment and/or an untimely motion for reconsideration.

A motion in limine is not the appropriate vehicle for resolving factual disputes as to Undercover commissions. If Petra wished to restrict Plaintiff's potential recovery of Undercover commissions, because there is no genuine issue of fact as to such commissions, Petra could have raised that issue at the summary judgment stage. Indeed, Petra successfully obtained a summary judgment ruling that Plaintiff's potential damages regarding grid mesh are limited to $120.00.

Petra's summary judgment motion did make some arguments as to Trem but this Court

ruled that an issue of fact exists. (*See* 10/14/09 Opinion & Order at 18). Petra did not seek

reconsideration of that ruling following this Court's October 14, 2009 Opinion & Order and

cannot do so now through a motion in limine. If Petra wished to raise additional challenges as to

Plaintiff's ability to recover Trem commissions, because there is no genuine issue of fact as to

such commissions, it should have done so in its Motion for Summary Judgment. Moreover, in

the Joint Final Pretrial Order, Petra specifically identified the following as issues of fact to be

litigated at trial: "Did Plaintiff make any sales of Trem?" and If "Plaintiff made sales of Trem, is

Plaintiff entitled to commissions on those sales?" (Docket Entry No. 53 at 17).

Accordingly, the Court shall deny Petra's Motion in Limine seeking pretrial evidentiary

rulings on evidence pertaining to Undercovers and Trem. This Court shall deal with questions of

admissibility of evidence as they arise at trial.

## CONCLUSION

For the reasons set forth above, Defendant's Motion in Limine is DENIED. This Court

shall deal with questions of admissibility of evidence as they arise at trial.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: June 15, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on
June 15, 2010, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager